

# The Attorney General of Texas

March 18, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
\ustin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
elecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/882-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Clayton T. Garrison
Executive Director
Employees Retirement System
  of Texas
P. O. Box 13207
Austin, Texas    78711

Opinion No. JM-300

Re: Whether the Employees Retirement System is entitled to depository interest on a particular fund under article 6543d, V.T.C.S.

Dear Mr. Garrison:

You request an opinion from this office concerning the disposition of depository interest earned by an account held by the state treasurer on behalf of the Law Enforcement and Custodial Officer Supplemental Retirement Fund. This account, designated Fund No. 977 by the state treasurer, is established as a part of the Employees Retirement System of Texas, a portion of whose assets is credited to the fund. V.T.C.S. Title 110B, Public Retirement Systems, §25.306(7) (1985 Pamphlet).

You inform us that while the fund retains the income derived from investment made outside the state treasury, it has not been credited with the depository interest earned by Fund No. 977. Accordingly, you ask whether the fund is entitled to such interest and, if so, what method should be used to calculate previously accumulated interest not credited to Fund No. 977.

The statutory provision relevant to the disposition of depository interest is article 2543d, V.T.C.S., which provides the following in pertinent part:

> Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows: To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund. The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund. The interest received shall be allocated on a monthly basis.

V.T.C.S. art. 2543d, §1. This office has determined on numerous occasions that in addition to the funds exempted above, assets held in the form of a trust are also exempt from the requirements of article 2543d. See Attorney General Opinions MW-338 (1981); MW-82 (1979); H-1040 (1977); M-468 (1969).

The opinions just cited establish that in order to be characterized as trust funds, the assets in question should reflect, among other things, (1) that they are administered by a trustee or trustees, (2) that the assets are neither granted to the state in its sovereign capacity nor collected for the general operation of state government, and (3) that they are to be spent and invested for specific, limited purposes and for the benefit of a specific group of individuals. Being in the nature of a trust, such assets are entitled to retain the proceeds from their investment. Attorney General Opinions MW-481 (1982); M-468 (1969). Cf. Attorney General Opinion M-1243 (1972) (interest earned in joint funds must be deposited into the general revenue fund). The same theory applies to interest earned on time deposits of these assets. Attorney General Opinion M-468 (1969). See Lawson v. Baker, 220 S.W. 260, 272 (Tex. Civ. App. - Austin 1920, writ ref'd). Accordingly, they are not subject to the provisions of article 2543d. Attorney General Opinions MW-82 (1979); H-1040 (1977).

In our opinion, the Law Enforcement and Custodial Officer Supplemental Retirement Fund is a trust fund entitled to retain depository interest. The retirement fund is administered by the board of trustees of the Employees Retirement System. V.T.C.S. Title 110B, Public Retirement Systems, §25.101 (1985 Pamphlet). This office has previously determined that the assets of the Employees Retirement System, of which the retirement fund is a part, are trust funds. Attorney General Opinion WW-565 (1959). The retirement fund is not collected for the general operation of the state; rather, it is available only to pay "supplemental retirement and death benefits to law enforcement and custodial officers" and for "administration of the fund." V.T.C.S. Title 110B, supra, §25.313(b). The method and form of investment of retirement fund assets are limited, see V.T.C.S. Title 110B, supra, §§25.103(c) and 25.302, and the proceeds of any such investment are expressly made part of the retirement fund. See V.T.C.S. Title 110B, supra, §25.313(a). These features are sufficient, in our view, to remove the retirement fund from the coverage of article 2543d. The interest earned on deposits of the retirement fund, therefore, must be credited to the retirement fund itself and not deposited in the general revenue fund.

Your second inquiry concerns the proper method of crediting the retirement fund for interest earned in previous years. We are unable to give advice as to the specific accounting method or time intervals to be used in calculating past interest. The answer to this question depends on information not provided by your request -- e.g., the terms, duration, and types of deposits, applicable rates of interest, etc. We can state as a general matter, however, that the retirement

fund has exhibited the aforementioned trust fund characteristics since its creation in 1979. See Acts 1979, 66th Leg., ch. 249, at 528 (enacting former article 6228f-1, V.T.C.S., establishing Law Enforcement and Custodial Officer Supplemental Retirement Fund). Consequently, the retirement fund is entitled to credit for depository interest from that date. Before the retirement fund may be credited with this interest, however, certain limitations on the use of treasury funds must be considered.

Article VIII, section 6 of the Texas Constitution prohibits withdrawal of funds from the state treasury in the absence of legislative appropriation. The Texas Supreme Court has held that funds erroneously deposited in the general revenue fund are nevertheless subject to this constitutional limitation and may not be removed from the treasury without legislative action. Manion v. Lockhart, 114 S.W.2d 216, 219 (Tex. 1938). Accordingly, the legislature must make a specific appropriation before any interest erroneously deposited in the general revenue fund may be returned to the retirement fund.

### SUMMARY

The Law Enforcement and Custodial Officer Supplemental Retirement Fund must be credited for interest earned on deposits of the fund. Any interest previously deposited in the general revenue fund must receive specified legislative appropriation before return to the retirement fund.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton